UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURJANT SINGH, | No.  1:26-cv-04177-DAD-CSK (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | (Doc. No. 2) |

On June 1, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On June 4, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 6.)

On June 7, 2026, respondent filed a motion for a one-day extension of time to respond to petitioner's motion for temporary restraining order.  (Doc. No. 7.)  On June 4, 2026, the court

/////

/////

1

granted that motion.[1]  (Doc. No. 8.)  On June 5, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 9.)

Respondent represents that petitioner was ordered removed on June 30, 2022 but that withholding of removal was granted that same day.  (Doc. No. 9 at 2.)  Petitioner was subsequently released on an order of supervision.  (*Id.*)  Respondent argues that petitioner's release was properly revoked pursuant to 8 C.F.R. §§ 241.13, 241.4 because petitioner was served with a notice of revocation of release that explained that there were "changed circumstances" in his case indicating that his removal was now reasonably foreseeable.  (*Id.* at 5–7.)  Respondent argues that this case is distinguishable from *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), in which the court ordered the petitioner's immediate release because the respondents had failed to comply with their own regulations in revoking his release, because respondent here has shown changed circumstances based upon the potential of third country removal.  (Doc. No. 9 at 7.)  In so arguing, respondent at best ignores large sections of the court's prior order in *Yang*.  As the court clearly explained previously, a notice of revocation of release which states that the decision to revoke "was made based on a review of your file and/or your personal interview on account of changed circumstances in your case" did not sufficiently put the petitioner on notice of the reasons for the revocation of their release.  *Yang*, 2025 WL 2791778, at \*6.  Moreover, the court found that the "notice clearly fails to reflect consideration of any of the required factors under 8 C.F.R. § 241.13(f)" and concluded that, because the respondents had made no showing that they had engaged in an individualized determination considering the factors listed therein, the respondents could not demonstrate either compliance with their regulations or changed

---

[1]  The court advised respondent that, under Ninth Circuit precedent, criminal history is not relevant to the inquiry established in *Zadvydas v. Davis*, 533 U.S. 678 (2001) regarding prolonged detention under 8 U.S.C. § 1231(a)(6).  (Doc. No. 8.)  Respondent does not make any argument regarding petitioner's criminal history but oddly attaches two exhibits detailing petitioner's criminal history.  (Doc. No. 9-1 at 14–59.)  These exhibits are a rap sheet that indicate that petitioner was arrested for a felony prior to his initial release by an immigration judge in July 2022 following his removal order (*id.* at 14–20) and an unauthenticated police report (*id.* at 21–59).  It is entirely unclear why these exhibits, which are not cited in respondent's opposition, were attached to respondent's filing.  The court admonishes respondent's counsel to not clog the docket with irrelevant and unauthenticated evidence.

2

circumstances. *Id.* Here, the notice is similarly conclusory, stating only that "there is a significant likelihood of a Third Country Removal in the reasonable future." (Doc. No. 9-1 at 89.) In this regard, respondent has not shown a material distinction between this action and the circumstances addressed by the undersigned in *Yang*.

Even were the entirely conclusory statement of changed circumstances to be credited, respondent has failed to identify any third country that petitioner may be removed to. Respondent fails to provide any other evidence in this regard. The court accordingly finds that respondent has failed to show a significant likelihood that petitioner may be removed in the reasonably foreseeable future as is required to revoke release in this context. *Montalvo v. Noem*, No. 26-cv-00199-GPC-SBC, 2026 WL 172512 (S.D. Cal. Jan. 22, 2016) (finding that the failure to identify a third country for removal indicates that there is no significant likelihood that the petitioner will be removed to a third country in the foreseeable future) (collecting cases); *see also Hakim v. Noem*, No. 5:26-cv-00145-CV-DTB, 2026 WL 252493, at *4 (C.D. Cal. Jan. 22, 2026) (finding that the conclusory assertion in a notice of revocation that the petitioner could be removed to a third country did not establish changed circumstances justifying re-detention) (collecting cases).[2]

The court has also found that the failure to provide an informal interview "promptly after his or her return to [] custody" as required by § 241.13(i)(3) was sufficient grounds upon which to order immediate release. *Yang*, 2025 WL 2791778, at *5. Respondent entirely fails to address this component of the court's prior order, instead stating only that as of May 7, 2026 petitioner had requested a "personal interview" but failing to provide any evidence that even that belated process had been provided. (Doc. No. 9 at 2–3.) The court accordingly finds that respondent has not shown that it complied with the requirements of 8 C.F.R. § 241.13(i)(3) to provide an

/////

/////

/////

---

[2] The court also observes that respondent has failed to make this showing even with the benefit of having had five months to attempt to identify a third country to which petitioner can be removed. (Doc. No. 9 at 4–5.)

informal interview and incorporates its prior reasoning in *Yang* in concluding that this is sufficient to grant petitioner relief.  *Yang*, 2025 WL 2791778, at *5.[3]

The court's June 3, 2026 order respondents directed that if respondents were opposed to the court ruling on the underlying petition based upon the briefing currently before it respondents were to so indicate and provide substantive reasons in support of respondents' position in this regard in their opposition.  (Doc. No. 6.)  Respondents did not state any opposition to this court ruling on the underlying petition on the current briefing in their opposition  (Doc. No. 8.)  Accordingly, the court will resolve the merits of the underlying petition in this order.

Based upon a review of the briefing, the court finds the following facts.  On June 30, 2022, petitioner was ordered removed to India and granted withholding of removal by an immigration judge.  (Doc. No. 9-1 at 70.)  On January 22, 2026, immigration authorities re-detained petitioner at a scheduled ICE appointment.  (*Id.* at 83.)  On or about January 22, 2026, petitioner was served with a notice of revocation of release.  (*Id.* at 89.)

The court adopts its reasoning in *Yang v. Kaiser*, 2025 WL 2791778, and concludes that petitioner has shown that respondent did not comply with its own regulations in revoking his release pursuant to 8 U.S.C. § 1231 and additionally concludes that respondent has not demonstrated changed circumstances as is required to justify revocation of release in this context.  Accordingly, the court will grant petitioner's petition.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.    Respondents are ORDERED to immediately release petitioner Gurjant Singh, A-File No. 213-597-927, from respondent's custody on the conditions, if any, he was subject to prior to his detention on January 22, 2026;

---

[3]  The court encourages respondent's counsel to review the court's prior orders to ensure that counsel identifies all relevant material legal and factual differences to avoid wasting judicial resources.

4

b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.     Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.     The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 10, 2026**          _Dale A. Drozd_
                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE